## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO.:

LEE PORRAZZO,                         )
                                      )
            Plaintiff,                )
                                      )
v.                                    )
                                      )
BUMBLE BEE FOODS, LLC and the         )
STOP & SHOP SUPERMARKET               )
COMPANY, LLC.                         )
                                      )
            Defendants.               )
                                      )

**10 CIV 04367**

JUDGE SEIBEL

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, the Defendant Bumble Bee Foods, LLC, by its attorney, hereby removes the entire civil action in the Supreme Court of New York, County of Westchester, captioned *Lee Porrazzo v. Bumble Bee Foods, LLC and the Stop & Shop Supermarket Company, LLC,* Index No.10945/10, to this Court. As grounds for removal, the Defendant states:

1.   On or about April 22, 2010 the Verified Complaint was filed in the Supreme Court of New York, County of Westchester.   The Summons and Complaint were served on the New York Secretary of State on May 5, 2010, with process served on Defendant's designated Agent for Service, CT Corporation by certified mail on May 11, 2010.

2.   Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state to federal court.

3.   Pursuant to 28 U.S.C. § 1332, the district courts of the United States have original jurisdiction over any civil action satisfying the requirements for diversity jurisdiction.

4.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332,

and which may be removed on the petition of the Defendant to this District Court pursuant to 28 U.S.C. §§ 1441 and 1453.

5.     This court has original jurisdiction over this action because this is a civil action, and:

   a.     The Plaintiff, both when this action was commenced and now, was and is a citizen of New York; and

   b.     The Defendant is a Delaware limited liability corporation with its principal base of operations in California; the Defendant is not organized under the laws of New York, nor does it maintain a principal place of business in New York; and

   c.     The amount in controversy for the Plaintiff's individual claims, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a).

6.     This Notice of Removal is timely filed pursuant to 29 U.S.C. § 1446(b) because it was filed less than thirty days from May 5, 2010, the earliest date upon which the Defendant could be argued to have received a copy of the Complaint.  No previous Notice of Removal has been filed or made to this court for the relief sought herein.

   **WHEREFORE,** the Defendant Bumble Bee Foods, LLC, requests that this case be removed from the Supreme Court of New York, County of Westchester, to the United States District Court for the Southern District of New York.

          **Respectfully submitted,**
          **BUMBLE BEE FOODS, LLC**
          By its attorney,


          Kenneth A. Schoen (KS-7180)
          Bonner Kiernan Trebach & Crociata, LLP
          Empire State Building
          350 Fifth Avenue, 59th Floor
          New York, NY  10118
Dated: May 21, 2010     (212)268-7535

2

State o. Jew York - Department of St.
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
BUMBLE BEE FOODS, LLC                                  PORRAZZO, LEE


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK,  NY 10011



Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 05/05/2010 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY
LAW.  This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                              Very truly yours,
                                         Division of Corporations

 CT Corporation

**Service of Process Transmittal**
05/11/2010
CT Log Number 516610246

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

TO:     Jill Irvin, General Counsel
        Bumble Bee Foods LLC
        Suite 100, 9655 Granite Ridge Drive
        San Diego, CA 92123

RE:     **Process Served in New York**

FOR:    Bumble Bee Foods, LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Lee Porrazzo, Pltf. vs. Bumblee Foods, LLC and The Stop & Shop Supermarket Company, LLC, Dfts. |
| DOCUMENT(S) SERVED: | Letter, Summons, Verified Complaint, Verification |
| COURT/AGENCY: | Westchester County: Supreme Court, NY Case # 10945/10 |
| NATURE OF ACTION: | Product Liability Litigation - Manufacturing Defect - "Personal Injury"- Seeks judgment for damages consuming tuna fish |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 05/11/2010 postmarked on 05/07/2010 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after the service is complete |
| ATTORNEY(S) / SENDER(S): | Thomas Iannuccilli Killerlane Law Offices 175 Main Street, Suite 606 White Plains, NY 10601 (914) 948-9500 |
| REMARKS: | Papers were served on the New York State Secretary of State on 05/05/2010. |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex 2 Day , 799450597750 Email Notification, Jill Irvin irvinj@bumblebee.com Email Notification, Craig Forman craig.forman@bumblebee.com Email Notification, Lorna Oliveira lorna.oliveira@bumblebee.com |
| SIGNED: | C T Corporation System |
| PER: | Christopher Tilton |
| ADDRESS: | 111 Eighth Avenue New York, NY 10011 |
| TELEPHONE: | 212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Index No.                          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

LEE PORRAZZO

Plaintiff(s)

-against-

BUMBLE BEE FOODS, LLC and THE STOP & SHOP SUPERMARKET COMPANY, LLC

Defendant(s)

SUMMONS and VERIFIED COMPLAINT

KOEHLER LAW OFFICES, P.C.
LEE PORRAZZO

THOMAS IANNUCCI, ESQ.

PLEASE TAKE NOTICE

KOEHLER LAW OFFICES, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

LEE PORRAZZO,

                                    Plaintiff(s),

     -against-


BUMBLE BEE FOODS, LLC and THE STOP & SHOP
SUPERMARKET COMPANY, LLC,
                                    Defendant(s).
-----------------------------------------------------------------X

Index No.: 10945/10
Date Filed: April 22, 2010


Plaintiff designates
COUNTY OF WESTCHESTER
as the place of trial

The basis of venue is
Plaintiff's residence

SUMMONS

Plaintiff resides at
44 North Broadway, Apt. BS
White Plains, New York 10603
County of Westchester

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED

to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:        White Plains, New York
              April 7, 2010

RECEIVED

APR 2 2 2010

[illegible] CLERK
[WEST]CHESTER

KILLERLANE LAW OFFICES
Attorneys for Plaintiff
175 Main Street, Suite 606
White Plains, New York 10601
(914) 948-9500

Defendants' Addresses:


BUMBLE BEE FOODS, LLC
c/o CT CORPORATION SYSTEM
111 Eighth Avenue
New York, New York 10011

also: via Secretary of State

THE STOP & SHOP SUPERMARKET CO., LLC
Corporation Service Company
80 State Street
Albany, New York   12207-2543

also: via New York Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
LEE PORRAZZO,

                                        Plaintiff,

        -against-                                          <u>VERIFIED COMPLAINT</u>


BUMBLE BEE FOODS, LLC and THE STOP &
SHOP SUPERMARKET COMPANY, LLC,

                                        Defendants.
-----------------------------------------------------------------X

        The plaintiff, LEE PORRAZZO, by and through his attorneys, Killerlane Law Offices, as and for his Verified Complaint, respectfully alleges, upon information and belief as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<u>AS AGAINST THE DEFENDANT BUMBLE BEE FOODS, LLC</u>

        FIRST:  The plaintiff, LEE PORRAZZO, at all times hereinafter mentioned, was and still is a resident of the County of Westchester, State of New York.

        SECOND:     The defendant, BUMBLE BEE FOODS, LLC, at all times hereinafter mentioned, was and still is a limited liability corporation doing business in the County of Westchester, State of New York.

        THIRD:  That at all times hereinafter mentioned, the defendant, BUMBLE BEE FOODS, LLC, transacted business within the State of New York.

        FOURTH:     That at all times hereinafter mentioned, the defendant, BUMBLE BEE FOODS, LLC, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

        FIFTH:  That at all times hereinafter mentioned, the defendant, BUMBLE BEE FOODS, LLC, expected or should reasonably have expected its acts to have consequences in the State of New York.

        SIXTH:  That at all times hereinafter mentioned, the defendant, BUMBLE BEE FOODS, LLC, derived substantial revenue from interstate or international commerce.

        SEVENTH:     That at all times hereinafter mentioned, the defendant, BUMBLE BEE FOODS, LLC, was engaged in the business of purchasing, processing, packaging and selling

tuna fish.

EIGHTH:     That approximately from October 2006 through October 2008, the plaintiff, LEE PORRAZZO, purchased and consumed the defendant BUMBLE BEE FOODS, LLC's Bumble Bee tuna fish which was processed, packaged and sold by the defendant, BUMBLE BEE FOODS, LLC, for general consumption by the public.

NINTH:     That, upon the distribution and/or sale of Bumble Bee tuna fish, the defendant, BUMBLE BEE FOODS, LLC, expressly and/or impliedly warranted to all intended users, including the plaintiff, LEE PORRAZZO, that said merchandise and all its contents were of merchantable quality and fit for the purposes for which it was processed, packaged, sold and distributed.

TENTH:     That approximately from October 2006 to October 2008, the plaintiff, LEE PORRAZZO, purchased and then consumed Bumble Bee tuna fish in accordance with packaging instructions, which tuna fish was purchased, processed, packaged, sold and distributed by the defendant, BUMBLE BEE FOODS, LLC.

ELEVENTH:     That upon distribution and sale of the aforesaid merchandise, the defendant, BUMBLE BEE FOODS, LLC, expressly and/or impliedly warranted to all intended consumers, including the plaintiff, LEE PORRAZZO, that said merchandise and all its packaged contents was of merchantable quality and fit for the purpose of consumption.

TWELFTH:     That the aforesaid product, known as Bumble Bee Tuna Fish, was inherently dangerous in content and by its manufacture  was unsafe, inadequate and unfit for the purposes for which it was manufactured, sold and distributed by the defendant, BUMBLE BEE FOODS, LLC; that the defendant, BUMBLE BEE FOODS, LLC, by its agents, servants and/or employees were careless and negligent in the manufacture of said product and failed to use due care in the purchasing, processing, packaging, selling and testing thereof; that the limitations and dangers inherent in the consumption of said Bumble Bee Tuna Fish product was not open and obvious and could not be ascertained or known to the plaintiff, LEE PORRAZZO, either by visual inspection or by the execution of preliminary testing; and the defendant, BUMBLE BEE FOODS, LLC, carelessly, recklessly and negligently failed to warn the general public and specifically, the plaintiff, LEE PORRAZZO, of its aforementioned product's inherent, latent danger; that due to the inherently dangerous and latent content of the foregoing tuna fish, the defendant, BUMBLE BEE FOODS, LLC, violated laws, statutes and regulations that in such cases are applicable.

THIRTEENTH:   That the express and/or implied warranties of the defendant, BUMBLE BEE FOODS, LLC, were untrue.

FOURTEENTH:   That as a result of the improper purchasing, processing, packaging, manufacture and distribution of tuna fish by the defendant, BUMBLE BEE FOODS, LLC, and by the breach of express and/or implied warranty of merchantability and fitness for consumption given by the defendant, BUMBLE BEE FOODS, LLC, the plaintiff was caused to sustain serious personal injuries, through no fault of his own.

FIFTEENTH:     That by reason of the foregoing, the plaintiff was rendered sick, sore, lame, psychologically distraught, disabled and experienced loss of enjoyment of life and was caused to and did seek medical treatment.

SIXTEENTH:     That the defendant, BUMBLE BEE FOODS, LLC's conduct was wilful, wanton, reckless, malicious and/or exhibited a gross indifference to and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of the plaintiff, LEE PORRAZZO; and the defendant was motivated by consideration of profit, financial advantage, monetary gain, economic aggrandizement and or cost avoidance, to the virtual exclusion of all other considerations.

SEVENTEENTH:     That due to the defendant, BUMBLE BEE FOODS, LLC's breach of its express and/or implied  warranty of merchantability, the plaintiff, LEE PORRAZZO, is entitled to compensatory and punitive damages in an amount greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>AS AGAINST THE DEFENDANT THE STOP & SHOP SUPERMARKET COMPANY, LLC</u>

EIGHTEENTH:     The plaintiff, LEE PORRAZZO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "SEVENTEENTH" of the Complaint as if fully set forth at length herein.

NINETEENTH:  The defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, at all times hereinafter mentioned, was and still is a limited liability corporation doing business in the County of Westchester, State of New York.

TWENTIETH:     That at all times hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, transacted business within the State of New York.

TWENTY FIRST: That at all times hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

TWENTY SECOND:     That at all times hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, expected or should reasonably have expected its acts to have consequences in the State of New York.

TWENTY THIRD:     That at all times hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, derived substantial revenue from interstate or international commerce.

TWENTY FOURTH:     That at all times hereinafter mentioned, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, was engaged in the business of purchasing and selling tuna fish to the general public.

TWENTY FIFTH:        That approximately from October 2006 through October 2008, the plaintiff, LEE PORRAZZO, purchased from the defendant THE STOP & SHOP SUPERMARKET COMPANY, LLC, Bumble Bee tuna fish which product was processed, packaged and/or sold by the defendant, BUMBLE BEE FOODS, LLC, for general consumption by the public.

TWENTY SIXTH:        That, upon the distribution and/or sale of Bumble Bee tuna fish, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, expressly and/or impliedly warranted to all intended users, including the plaintiff, LEE PORRAZZO, that said merchandise and all its contents were of merchantable quality and fit for the purposes for which it was processed, packaged, sold and distributed.

TWENTY SEVENTH:        That approximately from October 2006 to October 2008, the plaintiff, LEE PORRAZZO, purchased from the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, and then consumed the foregoing Bumble Bee Tuna Fish in accordance with packaging instructions.

TWENTY EIGHTH:    That the aforesaid product, known as Bumble Bee Tuna Fish, was inherently dangerous in content and manufacture and was unsafe, inadequate and unfit for the purposes for which it was sold and distributed by the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC; that the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, by its agents, servants and/or employees were careless and negligent in the selling of said product and failed to use due care in the purchasing, processing, packaging, selling and testing thereof; that the limitations and dangers inherent in the consumption of said Bumble Bee Tuna Fish product was not open and obvious and could not be ascertained or known to the plaintiff, LEE PORRAZZO, either by visual inspection or by the execution of preliminary testing and the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, carelessly, recklessly and negligently failed to warn the general public and specifically, the plaintiff, LEE PORRAZZO, of its aforementioned product's inherent, latent danger; that due to the inherently dangerous and latent content of hte foregoing tuna fish, the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, violated laws, statutes and regulations that in such cases are applicable.

TWENTY NINTH:   That the express and/or implied warranties of the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, were untrue.

THIRTIETH:        That as a result of the improper purchasing, processing, packaging, manufacture and/or distribution of tuna fish by the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, and by the breach of express and/or implied warranty of merchantability and fitness for consumption given by the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC, the plaintiff was caused to sustain serious personal injuries, through no fault of his own.

THIRTY FIRST:  That by reason of the foregoing, the plaintiff was rendered sick, sore, lame, psychologically distraught, disabled and experienced loss of enjoyment of life and was caused to and did seek medical treatment.

THIRTY SECOND:   That the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC's conduct was wilful, wanton, reckless, malicious and/or exhibited a gross indifference to and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of the plaintiff, LEE PORRAZZO; and the defendant was motivated by consideration of profit, financial advantage, monetary gain, economic aggrandizement and or cost avoidance, to the virtual exclusion of all other considerations.

THIRTY THREE:   That due to the defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC's breach of express and/or implied warranty of merchantability, the plaintiff, LEE PORRAZZO, is entitled to compensatory and punitive damages in an amount greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

THIRTY FOURTH:   The plaintiff, LEE PORRAZZO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY THREE" of the Complaint as if fully set forth at length herein.

THIRTY FIFTH:   As a result of the negligence of the defendants, BUMBLE BEE FOODS, LLC and THE STOP & SHOP SUPERMARKET COMPANY, LLC, in their manufacture, sale and distribution of Bumble Bee Tuna Fish, the plaintiff, LEE PORRAZZO, was rendered sick, sore, lame, psychologically distraught, disabled and experienced loss of enjoyment of life and was caused to and did seek medical treatment.

THIRTY SIXTH:   That this action falls within one of more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

THIRTY SEVENTH:        That the defendants' conduct was wilful, wanton, reckless, malicious and/or exhibited a gross indifference to, and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of the plaintiff, LEE PORRAZZO; and was motivated by consideration of profit, financial advantage, monetary gain, economic aggrandizement and/or cost avoidance, to the virtual exclusion of all other considerations.

THIRTY EIGHTH: That due to the defendants' negligence, the plaintiff, LEE PORRAZZO, is entitled to damages and punitive damages in an amount greater than the jurisdiction of all lower Courts that would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

THIRTY NINTH: The plaintiff, LEE PORRAZZO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "FIRST" through "THIRTY EIGHTH" of the Complaint as if fully set forth at length herein.

FORTIETH:    That the defendants, BUMBLE BEE FOODS, LLC and THE STOP & SHOP SUPERMARKET COMPANY, LLC, are strictly liable to the plaintiff without regard to negligence by virtue of placing the aforesaid Bumble Bee Tuna Fish into the stream of commerce in a defective and dangerous condition unfit for the uses and purposes for which it was intended to be used and was so used by the plaintiff, LEE PORRAZZO.

FORTY FIRST:    That the plaintiff, LEE PORRAZZO's injuries and resulting damages were caused by the defective and dangerous condition of the aforesaid Bumble Bee Tuna Fish which the defendants placed into the stream of commerce.

FORTY SECOND:    That as a result of the foregoing, the plaintiff, LEE PORRAZZO, is entitled to both compensatory and punitive damages in an amount greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

WHEREFORE, the plaintiff, LEE PORRAZZO, demands judgment awarding damages and punitive damages in the First Cause of Action in amounts greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction; the plaintiff, LEE PORRAZZO, demands judgment awarding damages and punitive damages in the Second Cause of Action in amounts greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction; the plaintiff, LEE PORRAZZO, demands judgment awarding damages and punitive damages in the Third Cause of Action in amounts greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction; the plaintiff, LEE PORRAZZO, demands judgment awarding damages and punitive damages in the Fourth Cause of Action in amounts greater than the jurisdictional limits of all lower Courts that would otherwise have jurisdiction, in addition to interest, costs and disbursements of this Action and together with such other and further relief as this Court deems just, proper and equitable.

Dated: White Plains, New York
        April 7, 2010

                                    KILLERLANE LAW OFFICES
                                    Attorneys for Plaintiff
                                    LEE PORRAZZO
                                    175 Main Street, Suite 606
                                    White Plains, New York   10601
                                    (914) 948-9500

### INDIVIDUAL VERIFICATION

STATE OF NEW YORK          )
                           )
COUNTY OF WESTCHESTER      ) ss:


LEE PORRAZZO., being duly sworn, deposes and says that:

I am the plaintiff in the within action;

I have read the foregoing COMPLAINT and know the contents thereof;

The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.


LEE PORRAZZO


Sworn to before me this
20 day of April , 2010

Notary Public

THOMAS IANNUCCILLI
NOTARY PUBLIC, State of New York
No. 02IA5061856
Qualfied in Westchester County
Commission Expires June 17, 2014