## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO.:

10-CV-04367(CS)(LMS)

| | |
|---|---|
| **LEE PORRAZZO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **BUMBLE BEE FOODS, LLC and the** | ) |
| **STOP & SHOP SUPERMARKET** | ) |
| **COMPANY, LLC.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Defendants Bumble Bee Foods, LLC (Bumble Bee) and Stop & Shop Supermarket Company, LLC ("Stop & Shop") by way of Answer to the Amended Complaint of Plaintiff Lee Porrazzo says:

### RESPONSE TO FACTS

1.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 2, and 5-9 of plaintiff's Amended Complaint.

2.  Defendants deny the allegations set forth in paragraphs 3, 4 and 10 of plaintiff's Amended Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION AGAINST BUMBLE BEE FOODS, LLC

3.  Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-10 as though set forth fully and of length herein.

4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 11, 18, and 20 of Count I of plaintiff's Amended Complaint.

5.      Defendants deny the allegations set forth in paragraphs 12, 14-16, 19, 21, and 22-26 of Count I of plaintiff's Amended Complaint.

6.      Defendants admit the allegations set forth in paragraphs 13 and 17 of Count I of plaintiff's Amended Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION AS AGAINST STOP & SHOP

7.      Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-26 as though set forth fully and of length herein.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, 36 of the Second Cause of Action of plaintiff's Amended Complaint.

9.      Defendants deny the allegations set forth in paragraphs 28-33, 35, 37-42 of the Second Cause of Action of plaintiff's Amended Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

10.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-42 as though set forth fully and of length herein.

11.     Defendants deny the allegations set forth in paragraphs 44-46 of the Third Cause of Action of plaintiff's Amended Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

12.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-46 as though set forth fully and of length herein.

13.     Defendants deny the allegations set forth in paragraphs 48-50 of the Fourth Cause of Action of plaintiff's Amended Complaint

### RESPONSE TO FIFTH CAUSE OF ACTION

14.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-50 as though set forth fully and of length herein.

15.     Defendants deny the allegations set forth in paragraphs 52-53 of the Fifth Cause of Action of plaintiff's Amended Complaint (the Court has already dismissed all claims alleging violations of Sections 200(2), 200(3), 200(5) and 200(9)).

### RESPONSE TO SIXTH CAUSE OF ACTION

16.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-53 as though set forth fully and of length herein.

17.     Defendants deny the allegations set forth in paragraphs 55-56 of the Sixth Cause of Action of plaintiff's Amended Complaint.

### RESPONSE TO SEVENTH CAUSE OF ACTION

18.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1-56 as though set forth fully and of length herein.

19.     Defendants deny the allegations set forth in paragraph 58 of the Seventh Cause of Action of plaintiff's Amended Complaint.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

The plaintiff's cause of action is pre-empted by federal law.

### THIRD SEPARATE DEFENSE

Plaintiff knew, or should have known, of the alleged propensities or dangers of the subject product and was a sophisticated user thereof, thereby obviating these Defendants need or duty to warn of alleged dangers or propensities of same, if any.

### FOURTH SEPARATE DEFENSE

The defendants have no duty to warn plaintiff against the existence of commonly known dangers.

### FIFTH SEPARATE DEFENSE

The defendant has no duty to warn of the dangers of excessive consumption of a food product.

### SIXTH SEPARATE DEFENSE

Plaintiff fails to state a cause of action for breach of warranty and strict liability because the alleged "harmful compounds" occurred naturally.

### SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part because these Defendants' actions did not proximately cause the damages allegedly sustained by Plaintiff.

### EIGHTH SEPARATE DEFENSE

The occurrence complained of was neither foreseeable nor preventable by the exercise of reasonable care.

### NINTH SEPARATE DEFENSE

Recovery is barred in this action by reason of the applicable Statute of Limitations.

## TENTH SEPARATE DEFENSE

Any and all damages alleged to have been suffered by Plaintiff were not causally related to any act or omission alleged to be chargeable to these Defendants.

## ELEVENTH SEPARATE DEFENSE

These Defendants demand credit for any and all payment by way of insurance, other medical benefits or collateral sources received by Plaintiff as against any award that may be made to Plaintiff as a result of this action.

## TWELFTH SEPARATE DEFENSE

At all times and places mentioned in the Complaint herein, these Defendants violated no legal duty owed to Plaintiff.

## THIRTEENTH SEPARATE DEFENSE

Any conditions of which Plaintiff complained of or from which Plaintiff presently suffers are unrelated to any actions or treatments that were performed or ordered by these Defendants, either by causation, exacerbation or both.

## FOURTEENTH SEPARATE DEFENSE

These Defendants aver that whatever duties were required of them by and for Plaintiff, were performed properly, and that it employed and demonstrated in performing such duties the requisite skill, discretion and judgment in accordance with the accepted standards and practices recognized and followed by others in the same profession and specialty.

## FIFTEENTH SEPARATE DEFENSE

The damages alleged by Plaintiff were caused by the negligence or other culpable conduct of persons or entities over whom these Defendants had neither control nor right of control.

## SIXTEENTH SEPARATE DEFENSE

The FDA does not require and specifically rejects the use of warnings on tuna product's labels about the existence of methylmercury in tuna fish.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff will not be able to establish that warnings about the existence of methylmercury in tuna are required on the labels of tuna fish products.

## EIGHTEENTH SEPARATE DEFENSE

The Summons and Complaint are defective because of insufficiency of process.

## NINETEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate damages reasonably as a matter of law.

## TWENTIETH SEPARATE DEFENSE

The product distributed by these defendants was reasonably fit, suitable or safe for its intended purpose.

## TWENTY-FIRST SEPARATE DEFENSE

The doctrine of strict liability does not apply to this cause of action.

## TWENTY-SECOND SEPARATE DEFENSE

Defendant did not violate any provision of the Food and Drug Act.

### TWENTY-THIRD SEPARATE DEFENSE

Defendants did not violate any provision of the New York State Agriculture and Markets Law.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendants did not violate any provision of the New York State General Business Law.

### TWENTY-FIFTH SEPARATE DEFENSE

If there were any defects in the subject product, which these Defendants specifically deny, such defects were not the substantial factor which contributed to the circumstances and damages alleged in the Complaint.

### TWENTY-SIXTH SEPARATE DEFENSE

If Plaintiff incurred any injuries as alleged in the Complaint, such injuries and/or damages were incurred entirely as a result of misuse of the subject product without any negligence, strict product liability or breach of warranty on behalf of these Defendants.

### TWENTY-SEVENTH SEPARATE DEFENSE

Upon information and belief, that the product which forms the subject of this suit was misused, mishandled, abused or otherwise improperly operated, used and contained by the Plaintiff and/or by others over whom these Defendants had no control.

### TWENTY-EIGHTH SEPARATE DEFENSE

Recovery is barred by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Defendants Bumble Bee and Stop & Shop reserve the right, at or before trial, to bring additional defenses pending discovery and investigation of Plaintiff's claims in this action, and further to move to dismiss the Complaint and/or for summary judgment on the grounds the Complaint fails to state a claim upon which relief can be granted and/or the Defendant is entitled to judgment as a matter of law, based on any or all of the above defenses.

WHEREFORE, Defendants Bumble Bee and Stop and Shop demand judgment dismissing Plaintiff's Complaint herein and further demands judgment over and against Plaintiff for the amount of any judgment obtained against Defendants by Plaintiff, or on the basis of apportionment of responsibility, in such amounts as a jury or the Court may direct, together with the costs and disbursements of this action.

Dated: November 14, 2011

BONNER KIERNAN TREBACH
& CROCIATA, LLP

By: _____
Kenneth A. Schoen, Esq. (KS7180)
Scott H. Goldstein, Esq (SHG8333)
Attorneys for Defendant
Tri-Union Seafoods, LLC d/b/a
Chicken of the Sea